**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:20cr-142** |
| v. | : | |
| | : | **JUDGE SARAH D. MORRISON** |
| EDDRICKO WILLIAMS, | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

Defendant Eddricko Williams's Motion for Reconsideration of Detention (ECF No. 27) and the Government's Opposition thereto (ECF No. 32) are before the Court for consideration. The Court determines that the motion is suitable for a decision without a hearing.

### I.      BACKGROUND

Mr. Williams was arrested on August 13, 2020 on charges of possessing a firearm as a convicted felon and drugs with intent to distribute. (ECF No. 1.) Initially, he waived his detention hearing and agreed to be detained pending final resolution of his case. (ECF Nos. 10, 11, 12.)

Mr. Williams's August 14, 2020 Pretrial Services Report ("Report") states that he has been unemployed for two years. He resided at a home in his name since 2017, but the residence is currently in foreclosure. He is not in contact with his mother and his father is deceased. He and his husband have been married since 2017 but have been separated since June 2020. They have no children.

Mr. Williams said he has a bad hip but he has not been prescribed medication for this ailment.

Mr. Williams, who is forty-one, said he had been using drugs since he was sixteen. He uses methamphetamines daily and cannabinoids weekly. He occasionally uses crack cocaine. His criminal history began at the age of twenty and was very active through age twenty-four. Charges and convictions included larceny, first degree assault, criminal solicitation, failure to appear, robbery, possession of narcotics and probation violations. He incurred no new charges for ten years, but when he was thirty-four, charges were lodged for drug possession, criminal possession of forged instruments and operating a vehicle while impaired. The Report indicated Mr. Williams was a flight risk and a danger to the community due to, *inter alia*, his substance abuse, criminal history, failure to appear, probation violations and lack of employment.

The August 25, 2020 Indictment charges Mr. Williams in Count One with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) by knowingly and intentionally possessing 50 grams or more of methamphetamine with intent to distribute. (ECF No. 15.) In Count Two, Mr. Williams is charged with violating 18 U.S.C. §§ 922(g)(1) and 924(a) by knowingly possessing a firearm after being convicted of a crime punishable by imprisonment for more than a  year. *Id*. The Indictment contains a forfeiture allegation for the gun at issue. *Id*.

Mr. Williams subsequently requested a bond hearing, arguing that the detention order should be revoked because he had since secured a residence where he can serve home confinement. (ECF No. 17.) A Magistrate Judge conducted the hearing on October 3, 2020. (ECF No. 20.) After providing an overview of the Bail Reform Act's general principles, the Magistrate Judge noted that pretrial services recommended continued detention for Mr. Williams. The Government proffered the Report. (ECF No. 9.)

The Government argued the availability of a residence failed to mitigate Mr. Williams's extensive, twenty-year criminal history that spans five states; his previous probation violations;

2

his substance abuse history; or his self-reported mental health history. The Government acknowledged that his case does not have a presumption of detention.

Mr. Williams's attorney, Stacey MacDonald, agreed that the facts contained within the Report were correct. She stated that Mr. Williams could reside in Canal Winchester with his husband. She said he is HIV-positive. Attorney MacDonald argued that a combination of conditions could be imposed to assure his appearance and the community's safety. Those conditions could include home confinement, GPS monitoring, reporting to pretrial services and drug counseling. Mr. Williams had been assaulted the night before the hearing in jail by other inmates and his attorney noted that his cheek appeared swollen. For that reason, she requested that he be placed in another facility if his motion was denied.

The Magistrate Judge considered all the evidence and argument before determining that the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Mr. Williams's appearance as required. She noted the nature and circumstances of the underlying offense were serious as they involved a firearm and narcotics. She held that there was reason to believe that he committed the charged offenses because he was indicted. She found the weight of the evidence against Mr. Williams to be strong. As to his history and characteristics, she "very heavily" relied upon the Report.

The Magistrate Judge stated the following reasons pointed in favor of detention: weight of evidence against the defendant is strong; subject to lengthy period of incarceration if convicted; prior criminal history; participation in criminal activity while on probation, parole, or supervision; history of violence or use of weapons; history of alcohol or substance abuse; lack of

stable employment; prior failure to appear in court as ordered; and prior attempt(s) to evade law

enforcement. (ECF No. 22.) She did grant Mr. Williams's request to be placed in a new facility,

subject to space considerations. *Id.*

Two months later, Mr. Williams filed the instant Motion for Reconsideration of

Detention. (ECF No. 27.)

## II.     LEGAL STANDARD

When a magistrate judge issues a detention order pursuant to § 3142, a defendant may

request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). Specifically,

§ 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained

by a magistrate judge . . . that person may file, with the court having original jurisdiction over the

offense, a motion for revocation or amendment of the order. The motion shall be determined

promptly." The district judge reviews the magistrate's detention order *de novo*. *United States v.*

*Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). While the district court is obligated to

review the magistrate's determination, the district court need not hold a hearing. *See, e.g., United*

*States v. Romans*, No. 00-5456, 2000 WL 658042, *1 (6th Cir. May 9, 2000) (affirming district

court review without a hearing); *United States v. Oaks*, No. 19-1342, 2019 WL 5692529, at *2

(10th Cir. Nov. 4, 2019) ("A district court conducts a *de novo* review of a magistrate judge's

detention order, but there is no statutory requirement that the court hold a hearing." (internal

citations omitted)); *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) ("When the

district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the

district court acts *de novo* and must make an independent determination of the proper pretrial

detention or conditions for release."); *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985)

(noting that Bail Reform Act established a two-tier review process for detention orders issued by

magistrates, the first level of which occurs in the district court); *United States v. Williams*, 753

F.2d 329, 334 (4th Cir. 1985) ("[I]n most cases, a trial court's review of a transcript of

proceedings would, either as part of a *de novo* detention hearing, or as part of a review of a

detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review.").

### III.    ANALYSIS

Mr. Williams claims that new information relative to his medical situation warrants

release on home confinement under § § 3142 and 3145. In particular, he states that he was hit by

a car in October 2019 wherein he suffered neck, back, arm and hip pain as well as headaches. He

was diagnosed with a concussion. He did not disclose this information for the Report.

Mr. Williams states that he has recently been losing sight in his left eye. It is unclear if

this is related to the car accident, jail assault, or both. His requests for medical treatment at his

current facility were denied. The jail reviewed his medical records, inclusive of the car accident,

and did not order any tests or treatment. He argues that he is not receiving adequate medical care

in violation of the Eighth and Fourteenth Amendments to the Constitution such that he must be

released to home confinement with monitoring so that he may obtain medical treatment on his

own.  Mr. Williams cites to 18 U.S.C. § 3145, which permits review of detention orders issued

by Magistrate Judges, and to 18 U.S.C. § 3142 of the Bail Reform Act, in support.

As the Government correctly posits, Mr. Williams's October 2019 injuries are not new

and were certainly known to him at the time of the August 2020 Report and his October 2020

detention hearing. Additionally, those injuries and his vision concerns have no relation to, or

bearing on, conditions of release that will reasonably assure his appearance as required and the

safety of any other person and the community. However, "[Section] 3145 does not require that

new information be available before a release or detention order can be reconsidered and

revoked." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). Thus, the Court

proceeds to the § 3142(g) analysis.

"The default position of the law . . . is that a defendant should be released pending trial."

*United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending

trial only when a judicial officer "finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and

the community." 18 U.S.C. § 3142(e). "Pretrial detention can be ordered based on a judicial

finding of either substantial danger to the community or risk of flight; only one is required."

*United States v. Xiaorong You*, No. 2:19-CR-14, 2019 U.S. Dist. LEXIS 96776, at *5 (E.D.

Tenn. June 10, 2019) (quoting *United States v. Hernandez*, No. 1:02-CR-006, 2002 U.S. Dist.

LEXIS 26904, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002) (citing *United States v.

Portes*, 786 F.2d 758, 765 (7th Cir. 1985)). The Government apparently seeks detention under

both grounds. As such, it must prove risk of flight by a preponderance of the evidence, and it

must prove dangerousness to any other person or the community by clear and convincing

evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

The Court considers several factors in deciding whether the Government has satisfied its

burden, including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

§ 3142(g). If the Court determines that a detention order is necessary, it shall submit a written statement of the reasons for the detention. § 3142(i)(1).

The Court has evaluated *de novo* the Magistrate's detention order after reviewing the Pretrial Services Report, the recording of the original detention hearing, and all briefing submitted to the Court. Pursuant to the factors outlined in § 3142(g), the Court makes the following findings.

### A.    Nature and Circumstances of the Offenses Charged

Although this is not a presumption case, the charges are serious. Count One charges Mr. Williams with possession of more than fifty grams of methamphetamine, its salts, isomers, or salts of its isomers, with intent to distribute. The Government states Mr. Williams had 181 grams of methamphetamine. Count Two charges Mr. Williams with knowingly possessing a gun as a felon. The combination of the controlled substance and firearm yield the Court's conclusion that the nature and circumstances of the charged offenses support Mr. Williams's continued pretrial detention.

7

**B.     Weight of the Evidence**

"This factor goes to the weight of the evidence of an accused's dangerousness or flight risk, not to the weight of the evidence pointing to his or her guilt." *United States v. Richardson*, No. 2:11-cr-220, 2011 U.S. Dist. LEXIS 122928, at \*18 (S.D. Ohio Oct. 21, 2011) (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)). As to dangerousness, Mr. Williams has a lengthy criminal history of violent crimes such as larceny, robbery and first degree of assault. Additionally, Mr. Williams's substance abuse, previous failures to appear, probation violations and lack of employment combine to make him a flight risk. This factor leans towards continued detention.

**C.     History and Characteristics**

As noted above, when addressing this factor, the Court initially considers Mr. Williams's character, physical condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings. § 3142(g)(3).

As noted, Mr. Williams has hip pain and concerns about his vision. His husband, from whom he is separated, resides in the district. It is unclear how often they communicate. He has no communication with his mother. He does not speak to his siblings who reside in different states. He has not worked for two years. He has resided in Ohio since 2014. He has a lengthy violent criminal history and his substance abuse began at age sixteen. He has frequently failed to appear and has violated his probation a number of times. Thus, this factor favors continued detention.

**D.      Nature and Seriousness of Danger to any Person or the Community**

This consideration addresses the danger that Mr. Williams would pose to any person or the community should he be released. Again, Mr. Williams has an extensive and violent criminal history. Pretrial services recommends detention partly based upon that history.  Accordingly, the Court finds that there are no conditions sufficient to address the concern for danger that Mr. Williams poses to the community.

**IV.      CONCLUSION**

After reviewing the record *de novo* and weighing the evidence, the Court finds that the Government has proven by clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of the community and that the Government has also proven by a preponderance that Mr. Williams is a risk of flight. 18 U.S.C. § 3142(e). Accordingly, Mr. Williams will remain detained pending trial.

Mr. Williams's Motion for Reconsideration of Detention is **DENIED**. (ECF No. 27.)

**IT IS SO ORDERED**.


s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**